

The United States District Court

Western District of Missouri

WESTERN DIVISION

JACQUELYN LARUE,

Plaintiff,

v.                                        Civil Action No. 15-CV-00682

KELLY SERVICES, Inc.

Defendant

## Plaintiffs' Jacquelyn LaRue Amended Answer to Defendants "Motion to Dismiss" For reasons of Stating a Claim for Which Relief Can Be Granted

1

## Jurisdiction & Venue

- This is an action arising under the laws of the United States of America, in particular Title VII of the Civil Rights Act of 1964, as amended, 42U.S.C.02000e, and the Civil Rights Act of 1991, 42 U.S.C. 1981.

- The jurisdiction of this court is invoked pursuant to the provisions of Title VII, 42U.S.C 2000e.

## Nature of Action & Relief Sought

This is an employment discrimination case by Jacquelyn LaRue, Plaintiff, formerly and an employee of Defendant, Kelly Services, and an Employment Agency. Plaintiff was terminated unjustly based on her race, age, gender, and from retaliation by the defendant no November 20th, 2014.    Pursuant to **42 U.S. Code 2000e-2-Unlawful employment practices (a)Employer Practices** (1) to fail or refused to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin: or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status an employee, because of such individuals race, color, religion, sex or national origin. , and **(b) Employment Agency Practices,** stating it shall be unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or

2

to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin. . **This appears to violate the plaintiff's civil rights law under Title VII, of the Civil Rights Act of 1964, as amended, 42U.S.C2000e and the Civil Rights Act of 1991, 42 U.S.C. o 1981.**

Plaintiff seeks a declaration that the acts of the defendant, intentionally and unlawfully discriminated against her in their treatment during her employment and eventual termination because of her race, age, and gender. Plaintiff further asserts that this unlawful termination was in retaliation for asking procedural questions about issues that arose during her employment as a Substitute Teacher for the Hickman Mills School District while working for the Defendant, Kelly Services. **This violates the plaintiff's civil rights law under Title VII, of the Civil Rights Act of 1964, as amended, 42U.S.C2000e and the Civil Rights Act of 1991, 42 U.S.C o 1981.**

Plaintiff seeks lost pay, compensatory, and punitive damages. Under 42 U.S.C 1981 (d) Plaintiff is entitled to relief under (d) in the case of a respondent who has more than 400 employees in each of 20 or more calendar weeks in the current or preceding calendar year, of minimum damages of $300,000.00 for acts of discrimination upon the plaintiff, which is in a "protected class", for race, gender, and age discrimination.

Plaintiff request and prays the court will allow this case to be heard under the Civil Rights Act of 1964 and all following amendments that protect the plaintiff from wrongful and damaging discrimination by the defendant, Kelly Services.

3

**The Parties**

Plaintiff, Jacquelyn La Rue, is an African American adult citizen of the United States and the State of Missouri, who is more than 40 years of age and a resident of Raytown, Missouri. Plaintiff was an employee of the Defendant, Kelly Services from November 2013 until November 20, 2014.

Defendant, Kelly Services was the plaintiff's employer at the time plaintiff was terminated. At all times Kelly Services was the legal liaison between the plaintiffs and her work location also serving under the legal definition of Employment Agency and accountable and not barred from the Federal Laws of Discrimination. Defendant had a fiduciary duty to the plaintiff to ensure a non-hostile working environment without discriminatory actions from the Defendant

**Facts**

1. Plaintiff is certified to work as a Substitute Teacher in the state of Missouri. Plaintiff currently holds a current certification from the state of Missouri to Substitute Teach through 2018.

2. Plaintiff is background checked and credentialed by the State of Missouri for Substitute Teaching.

3. Plaintiff was an employee working for the Kansas City Missouri School District, Hickman Mills School District, and Center School district in the 2014 school year.

4. Plaintiff worked as a substitute teacher for Kansas City Missouri School District since the 1980's, Hickman Mills School District since 2003, and Center School District since 1980's.

4

5. Plaintiff became an employee of Kelly Services by October of 2013, working for Kansas City Missouri School District when defendant took over the substitute teaching roster for the Kansas City School District.

6. The defendant, Kelly Services was the employer of record for the plaintiff for the Kansas City Missouri School District from October 2013-March, 2014.

7. Plaintiff begins receiving harassing complaint calls from Kelly services on classroom management shortly after her employment. The calls begin to be extremely harassing because they were never legitimated with facts, solely because the plaintiff works alone in a classroom, never evaluated by school staff, or Kelly Services personnel. The so called complaints were never, investigated, nor was the plaintiff every presented with any written documentation supporting the allegations. Plaintiff refrained from working with defendant, Kelly Services for Kansas City School District in March, 2014, because of the harassment, but remained employed by the defendant.

8. By August, 2014, the defendant took over the substitute teaching for Hickman Mills School District. At this time plaintiff had been employed by the Hickman Mills School District since 2003, without any incidents that would threaten the plaintiff's employment.

9. Immediately after taking on the Hickman Mills School District, Plaintiff begin getting harassed by the Defendant, Kelly Services, with baseless, unfounded, and uninvestigated complaint calls on performance and classroom management in September 15, 2014.

10. Plaintiff never received any performance evaluation from the defendant, nor was the plaintiff observed in the classroom by the defendant or any representative of Hickman Mills School District. The very nature of substitute teaching is solo work. The plaintiff was in the classroom with students alone.

5

11. By November 20th, 2014, plaintiff receives another complaint call from Kelly Services about performance. Once again, the complaints were harassing, baseless, and defendant never investigated or offered any type of tangible proof or witnesses to prove plaintiff was not performing her job.

12. The November 20th, 2014 harassment was a week before the defendant was taking over the employment of substitute teaching for the Center School District In December, 2014, where plaintiff had been employed since the early 1980's, again employed without any threating activities that would not allow the plaintiff to work

13. Plaintiff was terminated in November 20th, 2014. Plaintiff's work pin was deactivated and plaintiff was not offered any type of "due process".

14. Plaintiffs was a multi-log-on to multiple districts and the defendants actions directly affected the plaintiffs ability to work and earn a living in these districts directly and other districts, because the Defendant has a monopoly over the major districts in the Kansas City areas and its surrounding suburban communities.

15. Plaintiff hired the Law Firm of Dubail Judge fore representation of "Due Process" and said letter was drafted on her behalf on January 9, 2015, with Kelly Services Human Resource Department, Adrian Rubel.

16. Although plaintiff sought an impartial hearing through legal representation of Dubail Judge, plaintiff was unsuccessful in getting the Defendant to grant her an impartial hearing of her work performance or to gain any reasonable solutions that would not bar her from working at other schools or in other school districts for which she was previously employed without incident, prior to Kelly Services takeover of these districts substitute teaching rosters.

6

17. Defendant has allowed white substitutes the opportunity to write letters and place in personnel files and resume working after direct calls from administrators. Further, the defendant has called and investigated any "said" allegations of white substitutes and worked out ways they could continue their employment. Defendant, acted in the interest of Peggy Bacon, a white female, allowing her to respond and continue her work after deactivation because of a complaint call. This substitute directly used profanity with a student at the Smith Hale, a school in the Hickman Mills School District, after she admitted her actions to an administrator.

18. Defendant has also called the administrator at Dobbs Elementary, because a white employee was barred from the school.

19. Defendant routinely harasses African American females about their performance as a substitute teacher, excluding the fact that many are experienced in doing this job as prior teachers, retired teachers and experienced substitute teachers that are background checked, and credentialed by the State of Missouri to work in any schools within the state of Missouri.

20. Defendant, further violates their own policy of Fair and Equal Employment under the law and violates their reference to three events that would be a legitimate workplace violation serious enough to warrant termination of a protected class of employees under Title Vii of the Civil Rights Act of 1964, as amended, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981a42 U.S.C. 2000e, and the Civil Rights Act of 1991, 42 U.S.C.

21. The above specified acts along with direct communications of other African American women damaged by the defendant constituted a continuing pattern of conduct which created and offensive, hostile working environment and interfered with the plaintiff's ability to work with defendant, Kelly Services free of discrimination.

7

22. Based on additional information and counsel obtained by the plaintiff, plaintiff reasonably concluded under penalty of perjury on April 14th, 2015, (Date of EEOC Signature) that the Defendants conduct constituted a continuing violation of her rights to be free from discrimination in the terms and conditions of her employment because of her race, age, and gender and free from workplace retaliation by her employer.

23. Plaintiff property filed the EEOC application within the 180 time limit, and on October 7, 2015 plaintiff's case was filed in a timely manner. As such, plaintiff filed in the designated 90 day time frame, eliminating the defendant's claim of "time barred".

## First Claim for Relief

## Employment Discrimination against a Protected class (Race, Gender, and age)

Plaintiff was terminated unlawfully by the defendant on November 20th, 2014 because plaintiff was an African American, Female, over 40. Pursuant to 42 U.S. Code 2000e-Unlawful employment 2 (a) and (b Defendant never placed plaintiff or employee or any type of written or verbal performance improvement plan for alleged plaintiffs work performance. Defendant never offered plaintiff reasons for the termination, proof, or any written documents substantiating their claim of poor performance.

Plaintiff can substantiate what transpired at the school and in the classroom where her duties were e performed and performed alone. Pursuant to 42 U.S.C 2000e there appears to be a violation of employment discrimination. This violates the plaintiffs civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C 2000e and the Civil Rights Act of 1991, and 42 U.S.C. 1981.

8

## Second Claim for Relief

### Age Discrimination (African American, Female, over 40 Years of Age).

Plaintiff was disciplined differently than white counterparts. Plaintiff was told by defendant, that they "did not represent her" when an issue arose. White substitutes are told what to write and complaints are investigated. Their job interests are protected. Plaintiff further asserts that the discrimination was also related to age. Substitutes that are over 40 and white were treated differently in their terms, conditions, and privileges of employment. Pursuant to 29 U.S.C 623 Prohibits age discrimnation. There appears to be a violation of 29 U.S.C 623 (a) regulating employer practices and (b) regulating Employment Agency Practices. This violates the plaintiff's civil rights under Title VII, of the Civil Rights Act of 1964, as amended, 42 U.S.C 2000e and the Civil Rights Act of 1991, 42 U.S.C. 1981.

## Third claim for relief (Retaliation and work place harassment)

Defendant retaliated against plaintiff when asking questions about job related procedures. If you assert yourself, defendant targets you further for termination. More specifically, plaintiff further asserts that her last position at Johnson Elementary was a hostile environment and reported this to the defendant. As a result, plaintiff was terminated on November 20th, 2014; work pin deactivated, and not allowed any "due process"

Defendant refused any type of "Due Process" from neutral parties within the defendant's management staff, even after plaintiff sought legal representation from Dubail Judge Law firm to act on her behalf. Defendant never placed plaintiff or employee or any type of written or verbal performance improvement plan for alleged plaintiffs work performance. Defendant never offered

9

plaintiff reasons for the termination, proof, or any written documents substantiating their claim of poor performance. Plaintiff can substantiate what transpired at the school and in the classroom where her duties were performed and performed alone.

Kelly services retaliated against plaintiff for asking questions about alleged assertions of performance at Johnson Elementary. Kelly services has retailed against the plaintiff by taking plaintiff out of work in the Hickman Mills School District, Center School District where plaintiff was previously employed in both districts respectively for well over a decade without any performance issues until defendant took over the employment rosters.

Defendant routinely terminates African American Females over 40, harass them about performance, and with threats to their employment and eventual termination if they ask procedural questions about the school or any type of performance complaints. Pursuant to 42 U.S.C. 2000e there appears to be a violation of retaliation and harassment. This violates the plaintiffs Civil Rights under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000e and the Civil Rights Act of 1991 and 42 U.S.C. 1981.

## Fourth Claim for Relief (Wrongful Termination)

Defendant does not follow the rules for separation in their employment handbook. Specifically, you must have three incidents for separation and defendant cannot attest to three assertions that would terminate the employment relationship. Defendant has a policy of disparate discrimination against African American females. They wrongfully terminated the plaintiff, along with African American female, Ms. Long also a substitute teacher, and have threatened and harassed the employment of numerous African American Females, over the age of 40.

10

Defendant did not provide the plaintiff with a negative performance review, and any clear, substantiated reasons for termination.

Plaintiff is in a "protected class", where she is protected from frivolous wrongful terminations. Pursuant to 42 U.S.C 2000e. There appears to be a violation of wrongful termination of the plaintiff. This violates the plaintiffs civil rights under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000e and the Civil Rights Act of 1991 and 42 U.S.C. 1981.

## Fifth claim for relief (Disparate Treatment)

Defendant never allowed for "Due Process", even when plaintiff sought resolution with legal representation from the Law Firm of Dubail Judge. Defendant's attorney and Human Resource Department ignored the Plaintiffs request for a "Due Process" hearing. In a similar situation, white employees are helped with any concerns regarding their employment. Defendant will protect their interest and investigate their job performance complaints before terminating or deactivating their work pin. White substitutes get a complaint call and Kelly investigates and protects their interest. With African American female substitutes get a call regarding workplace performance, our interest is not protected. We are told "Kelly Services does not represent us", although they are our employer of record and the incident is never investigated. Defendant never placed plaintiff on any type of written or verbal performance improvement plan for alleged "poor performance". Plaintiff can substantiate exceptional performance for the last decade at the schools in question. Defendant never offered plaintiff reasons for the termination, proof, or any written documents substantiating their claim of poor performance. Pursuant to 42 U.S.C. 2000e there appears to be a violation of disparate treatment. This violates the plaintiffs civil rights

11

under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C 2000e and the Civil Rights Act of 1991 and 42 U.S.C. 1981.

Plaintiff can substantiate what transpired at the school and in the classroom where her duties were performed and performed alone. This is regular practice for Kelly Services. Defendant never placed plaintiff or employee on any type of written or verbal performance improvement plan for alleged "poor performance". Defendant never offered plaintiff reasons for the termination, proof, or any written documents substantiating their claim of poor performance. Plaintiff can substantiate what transpired at the school and in the classroom where her duties were performed and performed alone.

Plaintiff request the mercy of the court and prays as a pro se filer seeking relief to damages caused by the defendant, for this case to be heard and for relief to be granted based on 42 U.S.C. 1981 (d) , under Compensatory and punitive damages.

_Jacquelyn Lasley_
Plaintiff
4/19/16

Case 4:15-cv-00682-DW   Document 20   Filed 04/19/16   Page 12 of 12